**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 10, 2020

By ECF
The Honorable LeShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Ashraf Omar Eldarir, 20 Cr. 243 (LDH)

Your Honor:

Ashraf Eldarir was indicted on July 2 by the third sitting grand jury since the court closed in March due to the Covid-19 pandemic. The government informed defense counsel of the indictment and obtained and provided a copy of it on July 6.[1] The unusual circumstances of the indictment— the grand jury sat in Central Islip as opposed to Brooklyn, at a time when most members of the public in the Eastern District of New York were still under a stay-at-home order—may have compromised the defendant's right to a grand jury selected from a fair cross section of the community. Accordingly, in order that the defense may meaningfully challenge the grand jury selection procedure, through this letter motion and the attached declaration of statistician Jeffrey Martin (Exhibit A). Mr. Eldarir respectfully requests access to the records and papers used in connection with the constitution and implementation of the Master and Qualified Jury Wheels in the United States District Court for the Eastern District of New York, pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). The requested records are detailed in Attachment 1 to the Martin Declaration (Attachment 1 to Exhibit A).

Section 1867(f) of Title 28 of the United States Code allows a defendant to "inspect, reproduce, and copy . . . records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of . . . a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a), (f); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine

---

[1] At the time the government presented the case to the grand jury, the parties had been engaged in plea negotiations, and had jointly requested and obtained an order of excludable delay of speedy indictment time to July 7 on that basis. The government provided no inkling it was now planning to indict Mr. Eldarir, only informing defense counsel after the fact on July 6, 2020.

whether he has a potentially meritorious challenge. *Test*, 420 U.S. at 30. Therefore, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861(d)).

In order to invoke the right to inspect under Section 1867(f) and "[t]o avail himself of [the] right of access to otherwise unpublic jury selection records, a litigant needs only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). Mr. Eldarir is not required to make any showing with respect to the probability of success of the motion. *See, e.g.*, *United States v. Williamson*, 903 F.3d 124, 133 (D.C. Cir. 2018); *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation).

We do not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner requested by the attached declaration. *See United States v. Saipov*, 17-cr-722 (VSB), 2020 WL 915808, at *3 (S.D.N.Y. Feb. 26, 2020) (granting similar request in full).

Pursuant to Section 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." *See* 28 U.S.C. § 1867(a). Here, the defendant discovered the grounds for a JSSA challenge on July 6, when the government informed counsel about and provided a copy of the indictment. Accordingly, we ask the Court to grant this timely request for inspection of records.

Finally, although we do not read Section 1867(a) as requiring that the motion to dismiss itself be filed within that seven-day period, in an abundance of caution we do hereby move to dismiss the superseding indictment on the grounds that the grand jury procedures in this case violated Title 28 of the United States Code. We would additionally seek leave of the Court to supplement this motion to dismiss once we have had an opportunity to inspect the grand jury records that are the subject of the above request. Once the records are obtained, we will analyze them with the assistance of our expert to determine whether the grand jury plan procedures violated Mr. Eldarir's right to a grand jury "selected at random from a fair cross-section of the community." 28 U.S.C § 1861; *see also* 28 U.S.C. §§ 1863(b)(3), 1866(f).

                                              Respectfully submitted,
                                                     /s/
                                              Kannan Sundaram
                                              *Counsel for Ashraf Eldarir*
                                              Federal Defenders of New York

cc: Marietou Diouf
    Assistant U.S. Attorney