WK:MD
F. #2020R00093

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                                             Docket No. 20-CR-243 (LDH)

ASHRAF OMAR ELDARIR,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN RESPONSE TO THE DEFENDANT'S MOTION TO INSPECT GRAND JURY RECORDS

                                                         SETH D. DUCHARME
                                                         ACTING UNITED STATES ATTORNEY
                                                         Eastern District of New York
                                                         271 Cadman Plaza East
                                                         Brooklyn, New York 11201

Marietou Diouf
Assistant U.S. Attorney
    (Of Counsel)

July 14, 2020

TABLE OF CONTENTS

Preliminary Statement .................................................................................................................. 1

I.   Background ........................................................................................................................... 2

     A.  The Jury Plan in the Eastern District of New York ....................................................... 2

     B.  The Grand Jury in this Case ........................................................................................... 3

     C.  The Defendant's Motion ................................................................................................ 4

II.  Argument ............................................................................................................................... 4

     A.  Applicable Law .............................................................................................................. 4

     B.  Application ..................................................................................................................... 7

III. Conclusion ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Cases

Taylor v. Louisiana, 419 U.S. 522 (1975) .................................................................................... 4

Test v. United States, 420 U.S. 28 (1975) ..................................................................................... 5

United States v. Brown, No. 96-1361, 116 F.3d 466 (2d Cir. 1997) .......................................... 6, 7

United States v. Davenport, 824 F.2d 1511 (7th Cir. 1987) ........................................................... 6

United States v. Davis, No. 06-CR-911, 2009 WL 637164 (S.D.N.Y. Mar. 11, 2009) ................. 5

United States v. Gotti, No. (S4) 02-CR-743, 2004 WL 32858 (S.D.N.Y. Jan. 6, 2004) ....... passim

United States v. Hansel, 70 F.3d 6 (2d Cir. 1996) .......................................................................... 2

United States v. Harvey, 756 F.2d 636 (8th Cir. 1985) .............................................................. 6, 7

United States v. LaChance, 788 F.2d 856 (2d Cir. 1986) ............................................................... 4

United States v. McLernon, 746 F.2d 1098 (6th Cir. 1984) ....................................................... 6, 7

United States v. Nichols, 248 F. Supp. 2d 1027 (D. Kan. 2003) ................................................ 6, 7

United States v. O'Reilly, No. 05-CR-80025, 2008 WL 115537 (E.D. Mich. Jan. 10, 2008) ....... 5

United States v. Royal, 100 F.3d 1019 (1st Cir. 1996) ................................................................... 5

Statutes

28 U.S.C. §§ 1861, et seq............................................................................................................ 1, 4, 5

Other Authorities

Chief Judge Mauskopf's Administrative Order 2020-11 ............................................................... 3

Eastern District of New York Jury Selection Plan .................................................................... 2, 3

PRELIMINARY STATEMENT

The government respectfully submits this memorandum in response to defendant Ashraf Omar Eldarir's motion to access a wide range of information and materials related to the selection and service of the grand jury that returned the indictment in the above-captioned case (the "Grand Jury"). ECF No. 10, filed on July 10, 2020 (the "Motion" or "Mot.").[1] The defendant seeks these materials because, he alleges, "[t]he unusual circumstances of the indictment . . . may have compromised the defendant's right to a grand jury selected from a fair cross section of the community." Mot. at 1. According to the defendant, these purportedly "unusual circumstances" are that the Grand Jury "sat in Central Islip as opposed to Brooklyn," at a time when "most members of the public in the Eastern District of New York were still under a stay-at-home order" due to the COVID-19 pandemic. Id. The defendant asserts that he is entitled to over 20 categories of detailed information and materials so that he can determine whether, pursuant to the Jury Selection and Service Act, 28 U.S.C. §§ 1861, et seq. ("JSSA"), he has a "potentially meritorious challenge" to the grand jury selection procedure in the Eastern District of New York.[2] Id.

As an initial matter, the purported "unusual circumstances" related to the COVID-19 pandemic on which the defendant bases his motion have had no bearing on whether the Grand

---

[1] Similar motions were filed in other cases returned by this Grand Jury and are currently pending before several judges in the District.

[2] Because the defendant is concerned that 28 U.S.C. § 1867(a) may bar a future motion to dismiss on timeliness grounds, he also has moved to dismiss the indictment and requested leave of the Court to supplement his motion to dismiss once he has had the opportunity to inspect the requested grand jury selection records. Mot. at 2. The defendant's motion to dismiss is baseless and premature and accordingly should be denied without prejudice. The government does not object to granting the defendant leave to file a timely renewed motion after inspecting the data to which he is entitled, which is discussed further below.

Jury was selected from a fair cross section of the community. The Grand Jury at issue was empaneled in the Central Islip courthouse in October 2019—many months before the start of the pandemic—and has remained empaneled since then. And, like all grand juries sitting in Brooklyn and Central Islip, the Grand Jury was selected from a list of residents drawn from all five counties of the Eastern District of New York.

Furthermore, for the reasons set forth below, the defendant is not entitled under the JSSA to the vast majority of the information and materials he seeks because it is not necessary to allow him to assess whether to move to dismiss the indictment on the purported ground that the Grand Jury was not selected at random from a fair cross section of the community. The government does not, however, object to the parties inspecting a limited set of data—namely, the county of residence, zip code, and, to the extent available, the race and age of the individuals listed in the Master Jury Wheel from which the Grand Jury was selected—which is sufficient for the defendant to determine whether, in his view, a motion to dismiss is warranted.[3]

I. BACKGROUND

   A. The Jury Plan in the Eastern District of New York

The Jury Selection Plan of the United States District Court for the Eastern District of New York, which was last amended on October 30, 2006 (the "Jury Plan"), sets forth the

---

[3] Consistent with the relevant case law, the defendant agrees that personally identifiable information—including but not limited to grand juror names, addresses and social security numbers—should not be provided to the parties or otherwise disseminated publicly. See, e.g., United States v. Gotti, No. (S4) 02-CR-743, 2004 WL 32858, at *10–11 (S.D.N.Y. Jan. 6, 2004) (citing United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1996) (holding that a district court may deny access to the names and personal information of grand jurors without violating the defendant's right to challenge the grand jury selection process)).

2

procedures for selecting juries sitting in the Brooklyn and Central Islip Courthouses. See

https://img.nyed.uscourts.gov/files/local_rules/juryplan.pdf.  The Jury Plan provides:

> All litigants in federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community.  All citizens shall have the opportunity to be considered for service on grand and petit jurors and shall have an obligation to serve as jurors when summoned for that purpose.  No citizens shall be excluded from service as a grand or petit juror on account of race, color, religion, sex, national origin, or economic status.

Jury Plan § 2.

In furtherance of this policy, the Jury Plan provides, among other procedures, that the names of jurors "shall be selected at random from the voter registration lists of all the counties within the Eastern District of New York supplemented by lists for these counties from the New York State Department of Motor Vehicles." Id. § 4.  The Jury Plan also sets forth the procedures for selecting individuals from this initial list to be included in the master jury wheels, qualified jury wheels, jury panels and ultimately in the grand and petit juries.  Id. §§ 5–14.

B.  The Grand Jury in this Case

The Grand Jury, sitting in the Central Islip courthouse, returned an indictment on July 2, 2020 charging the defendant with two counts of smuggling, in violation of Title 18, United States Code, Section 545.  See ECF No. 9.  The Grand Jury was empaneled on October 10, 2019, pursuant to the procedures set forth in the Jury Plan.  The Grand Jury sat regularly on Thursdays between October 10, 2019 and March 12, 2020, the last day on which it was able to muster a quorum prior to the COVID-19 pandemic.  See Chief Judge Mauskopf's Administrative Order 2020-11 ("Order 2020-11") (noting that "no regular grand jury in this district has had a quorum since March 13, 2020").  Because of the COVID-19 pandemic, the Grand Jury did not

3

sit between March 13, 2020 and June 10, 2020. On July 2, 2020, the Grand Jury was able to achieve a quorum, and it heard and voted on the indictment in this case.

### C. The Defendant's Motion

In support of his motion to access "records and papers" related to the grand jury selection process, the defendant has attached (1) the declaration of a consultant whom the defendant has hired to "review the construction and implementation of the Master Jury Wheel and Qualified Jury Wheel that was used to select Grand Jurors in this case," and (2) an attachment containing a list of 23 requests for information and materials that the consultant purportedly requires to complete his review. See ECF No. 10-1 ("Declaration of Jeffrey Martin" and "Attachment 1").

## II. ARGUMENT

The defendant is not entitled under the JSSA to the vast majority of the information and materials he seeks because he does not need it to assess whether to move to dismiss the indictment on the purported ground that the Grand Jury was not selected at random from a fair cross section of the community. However, in light of the applicable law, as set forth below, the government does not object to the parties inspecting a limited set of data that is sufficient for the defendant to determine whether, in his view, a motion to dismiss is warranted.

### A. Applicable Law

The JSSA provides in relevant part that a defendant "may move to dismiss the indictment . . . against him on the ground of substantial failure to comply with the provisions" of the statute in selecting the grand jury.[4] 28 U.S.C. § 1867(a). Further, the JSSA states in relevant

---

[4] The Fifth and Sixth Amendments guarantee a criminal defendant a jury selected from a fair cross section of the community. Taylor v. Louisiana, 419 U.S. 522, 530 (1975); United States v. LaChance, 788 F.2d 856 (2d Cir. 1986). The JSSA extends this requirement to federal

4

part that "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation" of such a motion. 28 U.S.C. § 1867(f). "The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion." Id.

As the Supreme Court has held, Section 1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists. It grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures." Test v. United States, 420 U.S. 28, 30 (1975) (emphasis added). Moreover, "[b]ecause the right of access to jury selection records is 'unqualified,' a district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions." United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996).

Nonetheless, defendants "do not have an absolute right of access to all materials relating to the grand jury selection." United States v. Gotti, No. (S4) 02-CR-743, 2004 WL 32858, at *11 (S.D.N.Y. Jan. 6, 2004) (granting defendants access to the master jury list but denying access to the names and addresses of individuals on the master jury list and those who served on the grand jury itself); United States v. Davis, No. 06-CR-911, 2009 WL 637164, at *15–16 (S.D.N.Y. Mar. 11, 2009) (observing that "there is no absolute right of access to all materials relating to grand jury selection" and disclosing only "the District's Master Plan for jury

---

grand juries. 28 U.S.C. § 1861 ("It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.").

5

selection"). A defendant's "unqualified right to records or papers encompasses only such data as [a defendant] needs to challenge the jury selection process." United States v. O'Reilly, No. 05-CR-80025, 2008 WL 115537, at *3 (E.D. Mich. Jan. 10, 2008).

Accordingly, numerous courts have held that only the master jury list from which the grand jury was selected need be disclosed for a defendant to assess whether to challenge the grand jury selection process. See Gotti, 2004 WL 32858, at *11 (citing United States v. Davenport, 824 F.2d 1511, 1515 (7th Cir. 1987) (holding that the defendant had "not demonstrated why other records besides those available jury lists might be required" to establish "an alleged deficiency" in the jury selection process); United States v. Harvey, 756 F.2d 636, 642–43 (8th Cir. 1985) (master grand jury list with names and addresses redacted provided the defendant with "the ability to determine whether the master grand jury list represented a racial and economic cross-section of the community"); and United States v. McLernon, 746 F.2d 1098, 1123 (6th Cir. 1984) (holding that the defendants' "unqualified right to inspection was satisfied by disclosure of the Master Lists and the relevant demographic data about the general pool from which the specific grand jurors were selected" and that "refusing to provide [defendants] with the names, addresses, and demographics of the specific grand jurors who returned indictment against them" was not error)).

The master jury list is "sufficient to comply with" the Supreme Court's decision in Test because "[i]t is not the actual selection of the grand jury which would constitute the violation but whether the jury was selected 'at random from a fair cross section of the community.'" Gotti, 2004 WL 32858, at *11 (quoting United States v. Nichols, 248 F. Supp. 2d 1027, 1034–35 (D. Kan. 2003) (denying defendants' request for jury questionnaires of the jurors placed in the master and qualified jury wheels) (rev'd on other grounds)); see also United States

6

v. Brown, No. 96-1361, 116 F.3d 466, 466 (2d Cir. 1997) (noting defendant's "right to obtain relevant grand jury lists containing information regarding the ethnicity of the members of his grand jury pool") (unpublished disposition).

  B.  Application

    Granting access to the county of residence, zip code, race and age of the individuals listed in the relevant Master Jury Wheel is sufficient for the defendant to determine whether to move to dismiss the indictment. See, e.g., Gotti, 2004 WL 32858, at *11; Brown, 116 F.3d at 466; Nichols, 248 F. Supp. 2d at 1034–35; McLernon, 746 F.2d at 1123; Davenport, 824 F.2d at 1515; Harvey, 756 F.2d at 642–43. More specifically, with this information, the defendant will be able to assess whether, in his view, the Master Jury Wheel from which the Grand Jury was selected represented a fair demographic cross section of the Eastern District of New York, and accordingly whether he believes a motion to dismiss is warranted.[5]

    The additional information and materials the defendant seeks are not necessary to assessing whether a challenge to the grand jury selection process is warranted under Section 1867 of the JSSA. Of the defendant's 23 requests in Attachment 1 to his Motion (the "Requests"), many seek data from a stage in the jury selection process that follows the creation of the Master Jury Wheel—data that, as discussed above, courts have typically held a defendant

---

[5] In United States v. Cruz, 20-CR-206 (WFK)—a case in which the defendant sought identical grand jury selection materials as the defendant in this case—Judge William F. Kuntz, II ordered the government to provide to the defendant these four categories of data: namely, the county of residence, zip code, and, to the extent available, the race and age of the individuals listed in the Master Jury Wheel from which the Grand Jury was selected. See ECF Order, dated July 1, 2020. The government received this data from the EDNY jury administrator on July 10, 2020 and provided it to defense counsel the same day. See ECF No. 13. Upon issuance of an order from the Court, the government will promptly provide the same data to the defendant in this case.

7

is not entitled to. See Request No. 10 (procedures related to prospective jurors who did not respond to jury qualification form); No. 11 (number of persons who failed to return completed jury qualification form); No. 12 (number of persons who failed to complete form and were summoned by the clerk); No. 14 (number of persons summoned from the qualified jury wheel); No. 16 (qualified jury wheel data); No. 17 (status codes for potential jurors); No. 18 (the juror number for persons who failed to return a completed juror qualification form and were then summoned); No. 19 (juror number for potential grand jurors); No. 21 (juror qualification and summons forms for persons summoned); No. 22 (disposition of each summoned potential grand juror in this case); No. 23 (attendance record for each grand juror). In addition, several of the Requests seek data related to the Master Jury Wheel and the Qualified Jury Wheel that does not advance the defendant's assessment of whether the grand jury was selected from a fair cross section of the community. See Request No. 4 (concerning vendors involved in the creation of the jury wheels); No. 6 (specific forms); No. 7 (statistical or demographic analyses); No. 9 (calculation of the proportional representation of counties).

Requests Nos. 2 and 3—which seek information regarding any effects of the COVID-19 pandemic on the Jury Plan or the selection of grand juries—are also irrelevant to the issue at hand. As an initial matter, the selection of the Grand Jury, which was empaneled in October 2019 and has remained empaneled since then, was not affected by the pandemic. The changes that have been made as a result of the pandemic are added measures to ensure the health and safety of the grand jurors while in the courthouse, including, for example, temperature checks before entering the grand jury chamber. Furthermore, any effect that the pandemic may have had on which members of the Grand Jury attended the July 2, 2020 session is not at issue under Section 1867. See Gotti, 2004 WL 32858, at *11 (holding that the potential violation at

8

issue is the failure of a grand jury to be selected at random from a fair cross section of the community).

Finally, the defendant's remaining requests have effectively been resolved by this memorandum. Specifically, the government confirms its understanding that the Jury Plan was in effect when the Grand Jury was selected and empaneled (Request No. 1); that the Grand Jury was selected from the entire Eastern District of New York, pursuant to the Jury Plan (Request No. 5); that the Master Jury Wheel from which the Grand Jury was selected was refilled in September 2019, pursuant to the Jury Plan (Request No. 8); that the Grand Jury was empaneled on October 10, 2019, and that summonses typically are mailed approximately 30 days before a grand jury is empaneled (Request No. 13); and that the limited Master Jury Wheel data listed above is sufficient for the defendant to assess whether a motion to dismiss is warranted (Request Nos. 15 and 20).

III.     CONCLUSION

For the foregoing reasons, the defendant's motion to access data related to the grand jury selection process should be denied with the exception of certain limited data—the county of residence, zip code, and, to the extent available, the race and age of the individuals listed in Master Jury Wheel from which the Grand Jury was selected—that is sufficient for the defendant to determine whether, in his view, a motion to dismiss the indictment is warranted.

Dated:    Brooklyn, New York
          July 14, 2020

                                              Respectfully submitted,

                                              SETH D. DUCHARME
                                              ACTING UNITED STATES ATTORNEY
                                              Eastern District of New York
                                              Attorney for Plaintiff
                                              271 Cadman Plaza East
                                              Brooklyn, New York 11201

                                By:    /s/ Marietou Diouf
                                           Marietou Diouf
                                           Assistant United States Attorney
                                           (718) 254-6263