UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

UNITED STATES OF AMERICA,


        -against-                                **MEMORANDUM AND**
                                                 **ORDER**

                                                 20-cr-213(KAM)
TYSHAWN CORBETT, et al.

--------------------------------------X


**MATSUMOTO, United States District Judge:**

        A grand jury of this district returned an indictment
charging defendants Tyshawn Corbett, Qawon Allen, Desmonn
Beckett, Devon Bristol, Marlon Bristol, Andrew Campbell, and
Quandel Smothers with racketeering conspiracy and possessing a
firearm during a drug trafficking crime, and additionally
charging defendants Corbett and Allen with conspiracy to commit
murder in-aid-of racketeering, attempted murder in-aid-of
racketeering, assault in-aid-of racketeering, and possessing,
brandishing and discharging a firearm during a crime of
violence.  *See* Sealed Indictment, ECF No. 1.  The grand jury was
empaneled on October 10, 2019 and returned its indictment on
June 18, 2020, its work having been interrupted due to the
COVID-19 pandemic.  Response to Motion to Inspect Grand Jury
Records ("Govt. Resp."), ECF No. 27 at 3.

Currently before the court is defendants' motion to inspect "records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in this district," used to select the Grand Jurors who returned the indictment in this case on June 18, 2020, "pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ('JSSA'), 28 U.S.C. §§ 1867(a) and (f)." Motion to Inspect Grand Jury Records ("Def. Mot."), ECF No. 10 at 1.[1] Defendants also moved to dismiss the indictment, alleging generally that it violated the grand jury procedures set out in Title 28 of the United States Code. *Id.* at 3. Defendants' motion to dismiss the indictment is DENIED without prejudice to refile after inspection of grand jury procedures and records as granted in this Memorandum & Order. *See* 28 U.S.C. § 1867(a) and F.R.Crim.P. 12(b)(3)(A)(v).

Without identifying information that materially distinguishes the jury selection process in the Eastern District of New York from that of the Southern District of New York (where defendants contend that different unified procedures were used), the United States in this district has opposed the majority of defendants' requests, agreeing only to disclose "the

---

[1]  The motion to inspect grand jury records was initially filed by defendant Qawon Allen and was subsequently joined by all other defendants. See Defense Motions at ECF Nos. 12, 29, 33, 34, 43, 46. The court therefore treats the instant motion and replies as timely and filed on behalf of all defendants.

county of residence, zip code, and...the race and age of the individuals listed in the Master Jury Wheel." Govt. Resp. at 2.

"It is part of the established tradition in the use of juries as instruments of public justice that the jury be a body truly representative of the community." *Smith v. State of Texas*, 311 U.S. 128, 130, 61 S. Ct. 164, 165, 85 L. Ed. 84 (1940). Representative juries undergird "our basic concepts of a democratic society and a representative government." *Id.* The four narrow categories the government in this district recommends providing, from a Master Jury Wheel of approximately eight million records, neither serves the requirements of the JSSA nor the demands of justice.

For the reasons set forth below, defendants' requests to inspect are granted and denied in part. In addition, a protective order regarding the disclosed documents is issued below.

<u>**BACKGROUND**</u>

The grand jury in this case sat regularly on Thursdays between October 10, 2019 and March 12, 2020, the last day it could achieve a quorum prior to the orders of New York State and the Eastern District of New York regarding the COVID-19 pandemic. *See* Chief Judge Mauskopf's Administrative Order 2020-11 ("Order 2020-11"). The grand jury restarted its Thursday meetings on June 11, 2020 and, on June 18, 2020, returned the

indictment at issue from the Central Islip courthouse.  Govt.
Resp. at 3.  The defendants are concerned that, at the time of
the indictment, "the grand jury was sitting in Central Islip as
opposed to Brooklyn [while] most members of the public in the
Eastern District of New York were still under a stay-at-home
recommendation," and that this "may have compromised
[defendants'] right to a grand jury selected from a fair cross
section of the community."  Def. Mot. at 1.  Pursuant to 28
U.S.C. §§ 1867(a) and (f), defendants seek to inspect the
records comprising the Master and Qualified Jury Wheels to
ensure that the grand jury was drawn from a fair-cross section
of society.

## **STANDARD OF REVIEW**

First, "[t]he Second Circuit has yet to specifically
consider what constitutes the timely filing of a motion pursuant
to the JSSA related to the composition of a grand jury." *United
States v. Saipov*, No. S1 17-CR-722 (VSB), 2020 WL 915808, at *2
(S.D.N.Y. Feb. 26, 2020).  However, other courts have held that
a motion made within seven days after an indictment was returned
is considered to be timely. *Id.* (collecting cases); 28 U.S.C. §
1867(a).  As the instant motion was made within seven days of
the indictment, the court finds it is timely.

Next, the JSSA extends to grand juries the Fifth and
Sixth Amendment's guarantee of a jury selected from a fair

4

cross-section of the community.  *See United States v. Shader*,
No. 20-CR-202, 2020 WL 4158059, at *2 (E.D.N.Y. July 17, 2020)
(citing *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975); *United
States v. LaChance,* 788 F.2d 856 (2d Cir. 1986), *cert. den.* 479
U.S. 883 (1986); *United States v. Brown*, 116 F.3d 466 (2d Cir.
1997) (summary order)).  In relevant part, the JSSA provides
that:

> The contents of records or papers used by the jury
> commission or clerk in connection with the jury selection
> process shall not be disclosed, except . . . as may be
> necessary in the preparation or presentation of a motion
> under subsection (a), (b), or (c) of this section . . . .
> The parties in a case shall be allowed to inspect,
> reproduce, and copy such records or papers at all
> reasonable times during the preparation and pendency of
> such a motion.

28 U.S.C. § 1867(f).  A party has an "unqualified right to
inspect jury lists," in order to "aid parties in the
'preparation' of motions challenging jury-selection *procedures*."
*Test v. United States*, 420 U.S. 28, 30 (1975) (*per curiam)*
(emphasis added).  "[W]ithout inspection, a party almost
invariably would be unable to determine whether he has a
potentially meritorious challenge."  *Id*.  The provisions
outlined in § 1867(f) "around records and papers" that were
"'used' by the administrators in the jury selection process,"
give a party access to "records and papers already in
existence." *United States v. Miller*, 116 F.3d 641, 658 (2d Cir.

1997). This circuit has recognized the need a party may have, in the preparation of a motion to challenge jury selection procedures, "to take testimony from the jury administrator and to examine the juror questionnaires themselves." *Miller*, 116 F.3d 641, 658. Though such discovery requests are within the bounds of § 1867(f), the Second Circuit makes clear that requesting that the jury administrator conduct substantive demographic analysis for the parties is outside the scope of the statute. *Id.* (noting that in the E.D.N.Y., Judge Dearie allowed defendant to take testimony of jury administrator and receive geographic data breakdowns, but correctly did not impose a burden of analysis on the jury administrator).

## DISCUSSION

The current plan in this district is similar to the plan that was at issue in *United States v. Rioux*, where "[f]irst, the Clerk of the district court compiles a 'master list' from voter registration tallies, and supplements this list with information from the Department of Motor Vehicles. Second, the Clerk weeds out from the master list those persons who are ineligible for jury service, resulting in a 'qualified wheel.' Finally, the Clerk selects jury venires at random from the qualified wheel." *United States v. Rioux*, 97 F.3d 648, 654 (2d Cir. 1996)(counsel was provided with unrestricted access to jury

questionnaires returned as undelivered); *see also Miller*, 116
F.3d at *657 (describing the E.D.N.Y. jury plan and procedures).

The government in the Eastern District[2] suggests that
providing the county of residence, zip code, race, and age of
individuals in the Master Jury Wheel provides sufficient data
from which defendants may determine whether their challenge to
the *process* by which grand jury members are selected is
consistent with the JSSA.  Govt. Resp. at 2.  The court
disagrees and finds that the Master Jury Wheel provides both the
most expansive and the least specific information upon which to
determine if the Eastern District's current grand jury
procedures comply with the JSSA.  The Master Jury Wheel is
comprised of New York State Department of Motor Vehicle records
and voter registration records.  *Miller*, 116 F.3d at *657.
Grand juries are selected from the master wheel only after the
creation of a separate Qualified Jury Wheel, and even then only
after further procedure administered by the Clerk of Court.  *See*

---

[2]      The government's response to this and similar motions in the Eastern
District inexplicably differs from the response of the government in the
Southern District on the same issues.  The court has no reason to doubt the
defense's contention that in the Southern District, the government "was the
party who proposed the conference call with the Jury Administrator, proposed
a joint defense-prosecution meeting after the call, and, ultimately,
consented to nearly all of the very same requests it objects to here." *See*
Defendant's Sur-Reply, ECF No. 71 at 1 and Exh. B (attaching July 14 Joint
Letter, *United States v. Balde*, 20-CR-281 (KPF) (S.D.N.Y)(demonstrating
parties' agreement that the S.D.N.Y. should order most of the requested
disclosures not already satisfied in the call with the S.D.N.Y. Jury
Administrator, *available at* Def. Reply to Gov't Resp. to Def. Mot. to Inspect
Grand Jury Materials, ECF No. 62, Exh. A)).

*generally* Eastern District of New York Jury Selection Plan,

*available at*

https://img.nyed.uscourts.gov/files/local_rules/juryplan.pdf.

Consequently, the Master Jury Wheel, standing alone, cannot be

used to determine whether grand juries in this district are

selected in compliance with the JSSA.[3]

The defendants' motion to inspect the documents and

procedures relating to the constitution of the district's Master

and Qualified Jury Wheels, as listed in Attachment 1 to the

declaration of Defendant's expert, Jeffrey Martin, *see* Def's

Mot., Exh. A, is GRANTED in part, in order to allow defendants

to determine whether to formulate an informed challenge. *Test*,

420 U.S. at 30; *see also United States v. Saipov,* No. S1 17-CR-

722 (VSB), 2020 WL 915808, at *3 (S.D.N.Y. Feb. 26,

2020)(granting access to substantially similar grand jury

records and papers); *United States v. Simmons,* Memo Endorsement,

---

[3]    The cases the government cites in opposition stand largely for the
parties' agreed-upon proposition that personally identifiable information
from the Master Jury Wheel, such as names and addresses, may not properly be
disclosed.    *United States v. Gotti* No. 02-CR-743 (RCC), 2004 WL 32858, *11
(S.D.N.Y. Jan. 6, 2004) and 2004 WL 405950, *1 (S.D.N.Y. Mar. 3, 2004)(court
declined to turn over grand juror identifying information based on witness
intimidation and accusations of defendants serving as hitmen for the Gambino
crime family)*; United States v. Davis*, No. 06-CR 911 (LBS), 2009 WL 637164,
*16 (S.D.N.Y. Mar. 11, 2009)(holding that the "names of specific [grand]
jurors do not need to be turned over to a defendant" charged with conspiring
to rob and murder drug dealers in New York); *see also United States v.
Harvey*, 756 F.2d 636, 642 (8th Cir. 1985) (the district court had not "erred
in refusing to disclose the names and addresses of the persons on the master
grand jury list," particularly where defendant provided no basis for the
requested disclosures and never inspected what was provided).

20-CR-294 (PKC) (S.D.N.Y. June 24, 2020), ECF No. 11 (endorsing order in *Saipov*, 2020 WL 915808).

Defendants do not request, and are precluded from accessing, all personally identifying information about jurors, including names, address, and social security numbers, or any other potentially identifying information.  Def. Mot. at 2; *see United States v. Gotti*, 2004 WL 32858, at *10-11 (S.D.N.Y. 2004); *United States v. Hansel*, 70 F. 3d 6, 8 (2d Cir. 1995) (per curiam).

### RULING ON DEFENDANTS' MOTION

Defendant's motion to inspect grand jury selection records is GRANTED in part.  Section 1867(f) entitles defendants "only to records and papers already in existence" but "nothing ... entitles defendants to require the jury administrator to analyze data on their behalf."  *Miller*, 116 F.3d at 658.

As itemized below, defendants' requests are granted in part, as they relate to data used to select the Grand Jurors who returned the indictment in this case on June 18, 2020. The number next to the request corresponds to its number in defendants' Attachment 1 of Exhibit A to defendants' motion. For ease of reference, the request is set forth verbatim from defendants' Attachment 1.

**REQUESTS GRANTED**

1) The Jury Plan for the Eastern District of New York currently in effect and, if different in any respect, at the time grand jurors were summoned in this case. This Plan is believed to be the "Jury Selection Plan (As amended October 30, 2006)" effective October 30th, 2006.

ORDER: This request may be moot. As the government noted, Govt. Resp. at pp. 2-3 and 6, the Jury Selection Plan of this Court ("Jury Plan"), effective October 30, 2006, was in effect and was utilized at the time the Grand Jury in this case was empaneled. *See* Jury Plan *available at* https://img.nyed.uscourts.gov/files/local_rules/juryplan.pdf.

2) A description of any changes from the previous procedures or from the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

ORDER: This request also may be moot. As the government noted, Govt. Resp. at pp. 2-3 and 6, the Jury Selection Plan of this Court ("Jury Plan"), effective October 30, 2006, was in effect and was utilized at the time the Grand Jury in this case was empaneled. *Id.*

3) Any order of the Court that effects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

ORDER: This request also may be moot. As the government noted, Govt. Resp. at pp. 2-3 and 6, the Jury Selection Plan of this Court ("Jury Plan"), effective as of October 30, 2006, was in effect and was utilized at the time the Grand Jury in this case was empaneled. *Id.*

4) A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon grand jurors in this case.

ORDER: This request is GRANTED only to the extent documents are retained that pertain to the *particular* grand jury that returned the June 18, 2020 indictment. The release of documents that are broader in scope, or pertain to grand juries beyond the one at issue, is DENIED.

5) A confirmation that the grand jury in this case was selected from the entire District or, if not, a description of the basis and selection for the grand jury in this case.

ORDER: This request also may be moot as the government noted, Govt. Resp. at pp. 2-3 and 6, that the Grand Jury was selected from the entire district pursuant to the Jury Plan.

6) Any AO-12 form or JS-12 form created which relates to the Master Jury Wheel and Qualified Jury Wheel that were used to summon the grand jurors who returned the indictment in this case as required by 28 U.S.C. § 1863(a).

11

7) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel and Qualified Jury Wheel that were used to summon grand jurors in this case with the Jury Plan (especially Section 2), Jury Selection and Service Act and constitutional requirements.

ORDER: The Clerk of Court shall provide statistical and demographic data to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained. *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).

8) The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled as described in the Jury Plan Section 5.

9) The calculation of the proportional representation of counties in the Master Jury Wheel described in the Jury Plan Section 4.

ORDER: This request is DENIED, as it requests analysis by the Jury Administrator.  *Miller*, 116 F.3d 658.

10) The procedures implemented for prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

11) The number of persons who failed to return a completed juror qualification form as described in the Jury Plan Section 6.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not maintained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained. *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).

12) The number of persons who failed to return a completed juror qualification form and who were summoned by the clerk to appear before the clerk to fill out a juror qualification form as described in the Jury Plan Section 6.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained. *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).

13) The date when grand jurors were summoned in this case.

14) The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

15) The Master Jury Wheel data as described in the Jury Plan Section 5 in electronic and accessible form that includes

13

Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

ORDER: Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

16)  The Qualified Jury Wheel data as described in the Jury Plan Section 11 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

ORDER: Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

17)  Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

14

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

18)  The Juror Number only (and not Name or Street Address) for persons who failed to return a completed juror qualification form and who were summoned by the clerk to appear before the clerk to fill out a juror qualification form as described in the Jury Plan Section 6.

ORDER: The court is advised that the Clerk of Court does not summon jurors who failed to return a completed juror qualification form. Therefore, this information is not available.

19)  The Juror Number only (and not Name or Street Address) for persons selected as potential grand jurors in this case.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  *See* Jury Plan § 18; *see also*

28 U.S.C. § 1867(f). Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

21) The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

ORDER: The court is advised that the juror qualification and summons forms are sent to potential grand jurors, however the summons forms are not returned to or retained by the Clerk of Court. The Clerk of Court shall provide this information to the extent this information is retained, including the returned juror qualification forms. If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained. *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f). Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

22) The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained. If this information is

16

not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).  Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

23)  The attendance record and reason for absence by date for each grand juror.

ORDER: The Clerk of Court shall provide this information to the extent this information is maintained.  If this information is not maintained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).  Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

The court notes that the Clerk of Court does not maintain records of the reasons for the absence of a grand juror.  The United States Attorney's Office for the Eastern District of New York Grand Jury Clerk may have this information.

## PROTECTIVE ORDER

The documents produced pursuant to this Memorandum and Order are subject to the Protective Order set forth herein. 28 U.S.C. § 1867(f); s*ee United States v. Shader,* No. 20-CR-202, 2020 WL 4158059, at *5 (E.D.N.Y. July 17, 2020); *United States v. Pirk*, 281 F. Supp.3d at 346-47 (W.D.N.Y. 2017). Counsel, their legal staff, experts and consultants are bound by this Protective Order.

1. The materials may be used only by counsel, their legal staff and experts in connection with the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures and may not be disclosed. The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures.

**2. The materials either must be returned to the Court at the commencement of jury selection, or counsel, their staff, and their experts and consultants must certify that the materials have been destroyed and that no materials have been retained in any duplicative form.**

3. The Clerk of the Court shall file a sealed copy of the records on the docket for purposes of maintaining a record of the production.

18

4. Consistent with 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties, except experts and consultants. Similarly, the materials may only be disclosed to individuals who have a need to view the materials "as may be necessary in the preparation or presentation of" a motion to dismiss on the ground of "substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867.

5. Defendants shall not possess the materials at any time, except when reviewing the materials with counsel. The materials may not be carried into or reviewed in any detention facility or residence of the defendants. The materials may be reviewed by a Defendant, if in custody, by whatever approved arrangements can be made with the Bureau of Prisons to facilitate any such review, including video or audio conference procedures that have been utilized during the current COVID-19 pandemic.

6. Every attorney who accesses the materials is personally responsible not only for his or her compliance with this Protective Order, but also his or her client's compliance with the requirements of this Protective Order and compliance by any staff member, expert, or other person who is shown the materials consistent with the parameters of this Memorandum and Order.

**Penalties:** Counsel, their staff, experts, consultants, defendants, and the government are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

## CONCLUSION

For the reasons set forth above, defendants' motion for inspection of grand jury records is granted in part and their motion to dismiss the indictment is denied, without prejudice to renew after inspection of grand jury records and processes.

It is hereby **ORDERED** that the Clerk of the Court, as the custodian of the grand jury records, shall provide to the defense and the government in this case, as soon as practicable but no later than twenty-one (21) business days from the date of this Order, the grand jury records relating to the instant indictment as set forth above in this Memorandum and Order.  The Clerk of the Court is afforded leave to apply for additional time, should the search for documents become too onerous. Defense counsel is directed to serve a copy of this Memorandum and Order upon the Clerk of the Court as soon as practicable.

**SO ORDERED.**

Dated:     August 21, 2020
           Brooklyn, New York

                                        /s/
                                   _____
                                   **HON. KIYO A. MATSUMOTO**
                                   United States District Judge
                                   Eastern District of New York