

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 14, 2020

**BY ECF & EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Souleymane Balde*, 20 Cr. 281 (KPF)

Dear Judge Failla:

The parties write jointly to apprise the Court of the status of the defendant's requests for records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, following a call with Linda Thomas, the Jury Administrator for the Southern District of New York (the "Jury Administrator"), that took place on June 30, 2020 (the "June 30 Call"). The defendant's requests are set forth in the defendant's letter motion filed on June 9, 2020 (Dkt. No. 14), attached hereto as Exhibit A.

### I. The Defendant's Requests

#### a. Fully Satisfied Requests

Following the June 30 Call, the defendant has informed the Government that the Jury Administrator has responded to the following requests in full, subject to the Jury Administrator's confirmation of the parties' understanding of the answers set forth in Exhibit B: requests 1, 2, 3, 5, 6, 9, and 14.

#### b. Partially Satisfied Requests

Additionally, following the June 30 Call, the defendant has informed the Government that the Jury Administrator has provided partial responses to requests 4 and 13. More specifically, the parties' positions with respect to request 4 and 13 are set forth below:

July 14, 2020
Page 2

- **Request 4**: A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon grand jurors in this case.

  Defendant's position: Ms. Thomas provided a summary of the work done by outside vendors in connection with the creation of the Jury Wheels and the issuance of summons. She also provided the name of the vendor. We still seek any and all communications between the vendor and the Administrator and her office regarding the application and implementation of the jury plan in the formulation of the Jury Wheels and the issuance of summonses.

  Government's response: To the extent the request seeks information unrelated to the selection of the grand jury that indicted the defendant, the Government objects to the request. *See United States v. LaChance*, 788 F.2d 856, 868 (2d Cir. 1986) (under the Jury Selection and Service Act, defendants may "challenge only improprieties affecting the *particular* grand jury which indicted them" (citation omitted, emphasis in original)).

- **Request 13**: The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable as described in the Jury Plan Section III E.

  Defendant's position**:** We understand that the SDNY Jury Plan and 28 U.S.C. § 1866(g) document potential steps to take in response to jurors who do not respond to a juror qualification form or have their form returned as undeliverable. We continue to seek any steps or policies, formal or informal, which are followed during these scenarios. Alternatively, if no action was taken during the relevant time, please indicate such.

  Government's response: The Government objects to the defendant's request on the grounds that the Jury Administrator made clear during the June 30 Call that all relevant procedures—whether formal or informal—are outlined in the SDNY Jury Plan. (*See* June 30, 2020 Tr. at 40:13-41:11.)

  c. **Outstanding Requests**

The defendant has the following outstanding requests: requests 7, 8, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, and 22. The Government does not object to these requests.

July 14, 2020
Page 3

## II. Production of Documents and Information

The parties jointly propose that the Jury Administrator produce documents responsive to the uncontested requests as soon as possible, consistent with the Court's order, simultaneously to both parties.[1] Once the Court has resolved the dispute regarding request 4 and 13, the additional documents can be produced at that time.

## III. Protective Order

The Government believes that a protective order governing the production of materials from the Jury Administrator is necessary, given the sensitive and/or personal identifying information expected to be contained in the materials.

Defense Position: Our request does not seek sensitive or personal identifying information. To the extent that any such information is produced, we do not have an objection to that information being covered by a protective order. We believe that a protective order is unwarranted for the remainder of the data and documents because 28 U.S.C. section 1867(f) provides penalties for unlawful disclosure of the records. We will continue to try to resolve the issue with the government and to reach agreement on a proposed order.

---

[1] As this Court is aware, similar requests have been made in multiple cases in this District, including *United States v. Baker*, 20 Cr. 288 (LJL), *United States v. Davila*, 20 Cr. 292 (PKC), *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), *United States v. Henry*, 20 Cr. 293 (LJL), *United States v. Hightower*, 20 Cr. 303 (RMB), *United States v. Leonos-Perez*, 20 Cr. 300 (PAC), *United States v. Rivera*, 20 Cr. 304 (AJN), *United States v. Rodriguez*, 20 Cr. 302 (PKC), *United States v. Sanjurjo*, 20 Cr. 316 (ER), *United States v. Shulte*, 17 Cr. 548 (PAC), *United States v. Simmons*, 20 Cr. 294 (PKC), and *United States v. Williams*, 20 Cr. 286 (WHP). To the extent the Government is ordered to produce all or some of the records produced in this case in other cases, the Government can facilitate those productions without further burdening the Jury Administrator or requiring that she make multiple, duplicative productions.

July 14, 2020
Page 4

The parties intend to continue to attempt to reach resolution on this issue, and seek input from the Court if necessary, prior to the production of any materials by the Jury Administrator.

                                            Respectfully submitted,

                                            AUDREY STRAUSS
                                            Acting United States Attorney for the
                                            Southern District of New York

By: _____
            Christy Slavik
            Kiersten A. Fletcher
            Assistant United States Attorneys
            (212) 637-1113/2238

cc:     Jennifer Willis, Esq.
        Isaac Wheeler, Esq.

# EXHIBIT A

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

June 9, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Balde*,
            **20 Cr 281 (KPF)**

Dear Judge Failla:

      Through this letter motion and accompanying declaration of statistician Jeffrey Martin, Souleymane Balde respectfully requests access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, pursuant to the Fifth and Sixth Amendments to the United States constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). Section 1867(f) of Title 28 of the United States Code states that "the parties shall…be allowed to inspect, reproduce, and copy…records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of …a motion under subsection (a)". *See also Test v. United States*, 420 U.S. 28, 30 (1975) (right to inspect records is supported "not only by the plain text of the statute, but also by the statute's overall purpose in insuring grand and petit juries selected at random from a fair cross section on the community.'"), *quoting* 28 U.S.C. § 1861(d)). The requested materials are necessary to evaluate whether a challenge to the jury selection procedures used in this district lies.

      In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise unpublic jury selection records, a litigant needs only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). Mr. Balde is not required to make any showing with respect to probabilities of success of such a motion. *See, e.g., United States v. Royal*,

100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported).

Any JSSA motion filed before voir dire is timely, assuming it is filed within seven days after the grounds are diligently discovered. *See* 28 U.S.C. § 1867(a). In this case, our request is made within seven days of the filing of the indictment and timeliness is therefore not an issue. *Cf. United States v. Saipov*, 17 CR 722 (VSB)(S.D.N.Y. 2019), Dkt. No. 294 (granting request for records even though request was made well outside of the seven-day timeframe.)

Once the records are obtained, Jeffrey Martin will quickly and efficiently analyze them to determine whether the jury plan procedures violate Mr. Balde's right to a jury selected at random from a fair-cross section of the community. He will do so by comparing the grand jury records with appropriate contemporary census data.

Finally, we do not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner requested by the attached declaration of Mr. Martin.

        Respectfully submitted,

        /s/ Jennifer Willis, Esq.
        Jennifer Willis, Esq.
        Federal Defenders of New York
        Counsel for Mr. Balde

cc: Government counsel (via ECF)

2

## DECLARATION OF JEFFREY MARTIN

The undersigned, Jeffrey Martin, declares as follows:

1. My name is Jeffrey O'Neal Martin. I hold a Bachelor's degree in Mathematics and Economics from Vanderbilt University and a Master's degree in Economics from the University of Chicago.
2. I am employed as a consultant on statistical issues, a consultant on actuarial issues, and as a consultant to political campaigns. I have been qualified as an expert on statistical issues in Federal Courts and State Courts.
3. Since 1997, I have been involved in cases involving challenges to the jury lists in Federal and State Courts.
4. I have been asked by counsel for Souleymane Balde to review the construction and implementation of the Master Jury Wheel and Qualified Jury Wheel that was used to select Grand Jurors in this case.
5. In order to complete the review, I require data as listed in "Attachment 1 – Grand Jury Information" for data relating to the Grand Jury in this case.
6. I am prepared to answer any questions the Court may have and will be glad to discuss ways in which the data can be delivered that best fits the way in which the Clerk's office operates.
7. I do not seek any personal information that would allow the identification of any individual.
8. The information requested is common to other reviews of Federal jury wheels that I have been asked to perform. The information requested herein has been provided to me in connection with my work as an expert in approximately 10 similar challenges brought on behalf of federal criminal defendants in this and other federal jurisdictions.
9. In "Attachment 1" items #1 through #15 do not involve any personal or other information that could be used to identify any individual.
10. In "Attachment 1" items #16 through #19 should only include the randomly generated Juror Number and not the Name, Address, Day of Birth, or Month of Birth. In this way, no individual person can be identified.
11. In "Attachment 1" item #20 should have the individual's Name and Address redacted in order to remove any personally identifiable information.
12. In "Attachment 1" items #21 through #22 inherently include personally identifiable information. The personal information can be redacted or only supplied for inspection in the Clerk's office to safeguard personal information.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated this 8th day of June, 2020

_____ Jeffrey Martin

Page 1

## ATTACHMENT 1

1) The Jury Plan for the Southern District of New York currently in effect and, if different in any respect, at the time grand jurors were summoned in this case. This Plan is believed to be the "Amended Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Southern District of New York" effective February 13th, 2009.

2) A description of any changes from the previous procedures or from the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

3) Any order of the Court that effects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

4) A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon grand jurors in this case.

5) The jury division chosen for the grand jury in this case.

6) A description of reason for the choice of jury division for the grand jury in this case.

7) Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the grand jurors who returned the indictment in this case as required by 28 U.S.C. § 1863(a).

8) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon grand jurors in this case with the Jury Plan, Jury Selection and Service Act and constitutional requirements.

9) The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled as described in the Jury Plan Section III B.

10) The record of the steps, numbers, and calculations as described in the Jury Plan Section II A.

11) The general notice explaining the process by which names are periodically and randomly drawn as described in the Jury Plan Section III D.

12) The calculation of the division of jurors from Westchester, Putnam, and Rockland Counties to reasonably reflect the relative number of registered voters as described in the Jury Plan Section IV B.

13) The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable as described in the Jury Plan Section III E.

14) The date when grand jurors were summoned in this case.

15) The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

16) The District, Manhattan Division, and White Plains Division Master Jury Wheel data as described in the Jury Plan Sections III A, III B and III C in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

17) The District, Manhattan Division, and White Plains Division Qualified Jury Wheel data as described in the Jury Plan Section III D in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

18) Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

19) The Juror Number only (and not Name or Address) for persons selected as potential grand jurors in this case.

20) The source of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Plan Sections I (4) and III A (voter registration list). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Address.

21) The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

22) The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan.

Case 1:03-cr-00281-DKW Document 29 Filed 09/16/14 Page 1 of 2 PageID #:

# EXHIBIT B

The parties respectfully request that the Jury Administrator confirm the accuracy of the answers repeated below, which correspond to the requests set forth in the Defendant's letter-motion attached as Exhibit A (Dkt. No. 14):

1) The SDNY Jury Plan in effect at the time of the above-captioned indictment does not deviate from the one named in Attachment #1.

2) & 3) The only changes to the February 13, 2009 Jury Plan are provided in Miscellaneous Orders 20-168 and 20-221.

4) Grand Jury Division 7 issued the indictment in this case.

5) Ms. Thomas has no knowledge of the reason for the choice of division. Please confirm that her staff also has no knowledge.

9) The Master Jury Wheel was refilled in February 2017.

14) The grand jurors were summoned in November 2019.