# GRAND JURY MATERIALS ORDERED DISCLOSED

**Order for Disclosure of Jury Records,** *United States v. Dzokhar A. Tsarnaev*, **13-10200-GAO (D. Mass. June 26, 2014), Dkt. No. 393:**
1. "AO-12 Forms or JS-12 Forms completed for the Calendar Years 2011, 2012, and 2013 Master and Supplemental Jury Wheels during the life of the wheels.
2. Statistical analyses of the Calendar Years 2012 and 2013 Master and Supplemental Jury Wheels.
3. A blank juror summons/qualification form used to summon the Grand Jurors.
4. The Calendar Years 2011, 2012, and 2013 Master Jury Wheel data. The data should not include any personally identifiable information such as Name and Street Address but should include Participant Number, Zip Code, County, Municipality, and Date of Birth, to the extent available. The Master Jury Wheel data should be in electronic and accessible form and should include a layout with descriptions of all data fields and codes.
5. The Calendar Years 2011, 2012, and 2013 Supplemental Jury Wheel data. The data should not include any personally identifiable information such as Name and Street Address but should include Participant Number, Zip Code, County, Municipality, and Date of Birth, to the extent available. The Supplemental Jury Wheel data should be in electronic and accessible form and should include a layout with descriptions of all data fields and codes.
6. Results of the national change-of-address comparison for Calendar Years 2011, 2012, and 2013.
7. All Draws from the Calendar Years 2011, 2012, and 2013 Master and Supplemental Jury Wheel. The data should include Participant Number, pool summoned for, date of summoning, type of jury service (grand or petit) and disposition for each summons sent during the life of the wheel. The disposition should indicate whether the summons was returned undeliverable, not responded to, disqualified, reason for disqualification, qualified, excused, reason for excusal, selected for jury service and/or served as a juror.
8. Source Data
    a. The municipal resident lists used to construct the Calendar Years 2011, 2012, and 2013 Master and Supplemental Jury Wheels. The source data should be in electronic and accessible form and should include a layout with descriptions of all data fields and codes. Personally identifiable information such as Name and Street Address should be redacted but information such as Zip Code, County, and demographic information should be retained.
    b. Any statistical or other analyses of the municipal resident lists."

**Order,** *United States v. Angel D. Ramos Cruz*, **3:15-cr-00075 (JAF) (D.P.R. Aug. 3, 2015), Dkt. No. 693:**
1. "The Juror Selection Plan for the District of Puerto Rico currently in effect and, if different in any respect, at the time grand jurors were summoned in this case.

The following statistical and demographic analyses of the Master Jury Wheel and the Qualified Jury Wheel.
2.      Any AO-12 form created which relates to the Master Jury Wheel and the Qualified Jury Wheel that were used to summon the grand jurors who returned the indictment in this case, or from which trial jurors will be selected in this case. 28 U.S.C. §1863(a) requires this report.
3.      Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel and the Qualified Jury Wheel that were used to summon grand jurors in this case, or from which trial jurors will be selected in this case, with the Act and constitutional requirements.

The following data that does not include any personal information or information that could be used to identify any individual. The data supplied should be the data that is accessible and is closest in time to the date grand jurors were summoned in this case and when trial jurors will be summoned.
4. The Master Jury Wheel data in electronic and accessible form that includes Participant Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code and Municipality.
5. The Qualified Jury Wheel data in electronic and accessible form that includes Participant Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code and Municipality.
6. All records of potential jurors who were selected for qualification but either had their qualification form returned, did not respond or were disqualified or exempted from the Qualified Jury Wheel, including disqualification based upon an inability to read, write, understand or speak the English language. The data should be in electronic and accessible form that includes Participant Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code and Municipality.

The following data with personal information such as Name and Address redacted.
7. The sources of data in electronic form for the Master Jury Wheel used to summon grand or petit jurors in this case. The data should include Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code and Municipality but not any personal information or information that could be used to identify any individual.

The following data that does contain personal information. The personal information can be redacted or only supplied for inspection in the Clerk's office to safeguard personal information.
8. The juror qualification and/or summons forms for persons summoned to potentially become grand or trial jurors in this case.
9. The disposition of each summoned grand or trial juror in this case as to excusal, deferment, disqualification or selection, including based upon an inability to read, write, understand or speak the English language.
10. Records showing the disqualification of jurors for cause in each death penalty case prosecuted in this District because of an inability to read, write, understand or speak the English language."

**Order, *United States v. Tyrone Brooks*, 1:13-CR-0206-AT (N.D. Ga. Feb. 10, 2015), Dkt. No. 103:**
Granting in-person review of the following materials from Defendant's Second Motion for Grand Jury Information, Dkt. No. 99, with all personally identifying information removed:
1. "The information used to complete the calculations in section IV of the Amended Plan of the United States District Court for the Northern District of Georgia of the Random Selection of Grand and Petit Jurors ("the Amended Plan") concerning the number of names selected for the Master Jury Wheel for each Division and the starting number of the selection, including a description of the process by which the starting number was established and the date on which the public drawing was held;
2. An electronic copy of the source list(the voter registration list according to the Amended Plan) for the Master Jury Wheel and the date on which the list was compiled by the Secretary of State, and the voter registration deadline;
3. An electronic copy of the Master Jury Wheel data, including racial, ethnic, gender, and age information and participant numbers;
4. An electronic copy of the Qualified Jury Wheel data, including racial, ethnic, gender, and age information (as well as participant numbers) and information on when each participant was added to the Qualified Jury Wheel;
5. Any and all information provided to third party vendors to construct the Master Jury Wheel and Qualified Jury Wheel from which the grand jury was drawn to indict Mr. Brooks;

6. All surveys or reports regarding the composition of the Master or Qualified Jury Wheel from all Divisions in the Northern District of Georgia (typically compiled on Form OA-12) as described in the last paragraph of the Amended Plan section IV, as well as the information used to complete the surveys or reports, the qualification forms/questionnaires themselves, and any related instructions;
7. The process by which names are selected from the Master Jury Wheel as described in the Amended Plan section V for the receipt of qualification forms/questionnaires and any public notice as required by 28 U.S.C. § 1864, describing the process by which names are periodically and randomly drawn;
8. The completed juror qualification forms of all persons qualified for service as described in the Amended Plan section V;
9. The completed juror qualification forms of all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusals and exemption and orders or notations concerning excusals, exemptions, and disqualifications) as described in the Amended Plan sections V, VII, VIII and IX;
10. The juror qualification forms of all persons whose form was returned by the Postal Service;
11. All documents, materials and information concerning the determination of exemptions, excusals, and disqualifications as described in Amended Plan section IX;
12. The participant numbers drawn from the Qualified Jury Wheel and assigned to grand jury panels as described in the Amended Plan section XI for the period May 16, 2013, through and including Mr. Brooks' Superseding Indictment on January 28, 2015;
13. All "Orders to Draw Names of Grand Jurors for Service" (or equivalent document) from May 16, 2013 through and including Mr. Brooks' Superseding Indictment on January 28, 2015;
14. Information on deferments as described in the Amended Plan section XII from the grand jury panels;
15. Any surveys or reports that ensure the fulfillment of the requirements described in the Amended Plan section XIII that each county within the jury division is substantially proportionally represented in the Master Jury Wheel and that the odds of any single name being picked are substantially equal;
16. The items described in the Amended Plan section XIV that the Office of the Clerk of Court shall retain and provide public access to;
17. Any surveys, reports or procedures which ensure the fulfillment of the requirement in the Amended Plan section XVI that grand jurors shall be drawn on a pro rata, or approximately pro rata, basis from each division;
18. All documents, materials and information possessed by the Clerk's Office (including but not limited to studies, reports, articles or commentaries) concerning or referencing the demographic composition of the Northern District of Georgia and/or the extent to which the Amended Plan has accomplished the goals and intentions of section II (Policy) and the Jury Service and Selection Act (JSSA);
19. To the extent not covered in the above requests, all manuals, memorandums, standard operating procedures and other materials emanating from the Clerk's Office or the District Court which set forth procedures, guidelines and instructions for implementation and monitoring of the Amended Plan;
20. To the extent not covered in the above requests, any other documents, materials and information possessed or relied upon by the Clerk's Office, which would be relevant or helpful to a proper determination whether the Amended Plan operates in substantial compliance with the JSSA, and/or whether the resulting grand and petit jury panels reflect a fair cross-section of the Northern District of Georgia community; and
21. Any statistical or summary reports regarding specific panels drawn from the Qualified Jury Wheel including those for the panels(s) drawn to create the grand jury which returned Mr. Brooks' pending Superseding Indictment."

**Opinion and Order Regarding Defendant's Motion for Disclosure of Jury Wheel Materials,** *United States v. Johnathan L. Oldham*, **12-CR-20287 (E.D. Mich. Feb. 7, 2014), Dkt. No. 358:**
1. "the juror selection plan in effect in this District at the time the grand jurors were summoned in this case;
2. a description of the procedure used by the electronic data processing system to randomly select and assign names during the implementation of the juror selection plan;
3. the court clerk's directives to any contractor that implements any portion of the juror selection plan, and the contractors' certifications as required under the plan;"

The following materials "to the extent that these requests encompass records relating to the 2008 Flint division master jury wheel that are available for public inspection under 28 U.S.C. § 1868."

4.    "any AO-12 forms created that relate to the master jury wheel and qualified jury wheel used to summon grand jurors in this case;
5.    any other statistical or demographic analyses produced to ensure the quality and compliance of the master jury wheel and qualified jury wheel used to summon grand jurors in this case;"

The following materials "to the extent that these requests seek the disclosure of the juror number, race, and Hispanic ethnicity information contemplated under Administrative Order No. 00-AO-060."

6.    "any accessible data for the master jury wheel closest in time to the date grand jurors were summoned, in an electronic format that includes participant number, race, gender, Hispanic ethnicity, year of birth, and zip code;
7.    any accessible data for the qualified jury wheel closest in time to the date grand jurors were summoned, in an electronic format that includes participant number, race, gender, Hispanic ethnicity, year of birth, and zip code."

**Order,** *United States v. LaShaun J. Casey*, **05-CR-277 (ADC) (D.P.R. June 25, 2012), Dkt. No. 655:**
1. "Materials regarding the summoning of the Grand Jury which released the superseding indictment (ECF No. 107) in the instant case, including electronic copies of the Master and Qualified Jury Wheels at that time."
2. "An electronic copy of the Master Jury Wheel."
3. "Any specific information used to implement the Amended Jury Plan."