**ATLANTIC
DATA FORENSICS**

Digital Forensics | E-Discovery | Cybersecurity | Expert Witness

<u>**VIA SECURE FILE TRANSFER**</u>

September 16, 2021

Kannan Sundaram, Esq.

Federal Defenders of New York, Inc.

One Pierrepont Plaza, 16th Floor

Brooklyn, NY 11201

I, Kevin M. Smith, hereby affirm as follows:

I specialize in forensic analysis of digital media, trial consulting, and provide expert courtroom testimony. I have been a Digital Forensic Examiner for approximately 11 years and have conducted numerous forensic examinations of digital evidence in support of counter-intelligence and major crimes investigations, providing digital forensic support the United States Army Criminal Investigation Command, the Federal Bureau of Investigation, Air Force Office of Special Investigations, Naval Criminal Investigative Service, Secret Service, various counter-intelligence agencies and Counsel for both the prosecution and defense in criminal cases.

I have a Master of Science degree in Digital Forensics and Cyber Investigation from University of Maryland University College and currently serve as an Adjunct Professor, teaching Mobile Device Forensics and Advanced Topics in Digital Forensics for the Intelligence and Forensics graduate program at Utica College.  I have received training and certifications widely recognized within my field that include training from the Department of Defense, Federal Law Enforcement Training Center, as well as vendor specific training for common forensic analysis tools and software including training and certifications from Cellebrite.  For additional details on my experience, training and qualifications please refer to my curriculum vitae.

I submit the following in response to Governments Response to Supplemental Discovery Request, dated September 10, 2021:

1. "The UFDR file the government produced is an identical copy of the phone image"

   a. The UFED Physical Analyzer Report Package (UFDR) file is generated within the larger licensed tool called Cellebrite UFED Physical Analyzer, essentially it is a proprietary reporting format, not a forensic image file.

   b. The UFDR file is created using the original device image file, the UFDR file is not in itself, the original image file.

   c. Only the readily viewable and automatically decoded data on the device is included in the UFDR file.

   d. A small fraction of the applications available on the Apple App Store (iPhone) or Google Play Store (Android) are supported for automatic decoding in Cellebrite or any other mobile forensic analysis tool. Data not decoded by Cellebrite requires manual analysis of the original image file.

   e. UFDR files can be generated to only include data selected by an examiner creating the report. For example, the person responsible for generating the UFDR file can choose only certain picture file types or certain text messages or message strings to include in the UFDR file.

   f. There is no clear indication within a UFDR file, that a UFDR file is selectively created by the analyst.

   g. A forensic image of a mobile device will contain all of the data extracted from the device including data that may not be included in a UFDR file, such as data not decoded by the Cellebrite software or various database files.

   h. Even if an application like WhatsApp is supported for automated decoding by Cellebrite, when the developers of WhatsApp make changes to the application in development and a new version of the application is distributed to users, this

could cause the mobile forensic tool to no longer be able to decode and display the data automatically.

i.   To summarize, the UFDR file is not identical to the original image file and may not contain all of the data from the original image file.

2.  "You are welcome to examine the original image at HSI, but it will not be readable unless it is processed through Cellebrite."

a.   Image files of mobile devices created with the Cellebrite program can be analyzed by multiple tools outside of just those created by Cellebrite. Each of these tools, AXIOM by Magnet Forensics for example, decodes different data and can result in additional findings. It is common in this field to analyze forensic images with multiple tools for this reason.

b.   While it is true that the image can be examined onsite at HSI, in the spirit of efficiency this, in my opinion, is not the most cost and time effective means to review the original image.

c.   In my experience, it is common practice within our industry to distribute image files between opposing experts for said experts to properly analyze the same data utilizing the appropriate tools in their own labs, unless the evidence to be analyzed contains contraband data such as child pornography.

d.   It is my understanding in this case that there is no suspicion or reason to believe the evidence in this case contains such data.

e.   Image files are easily verifiable and transferable from expert to expert via secure file transfer, or through registered mail on digital media such as a USB drive.

If you have questions about information provided in this document, please contact the

undersigned at (410) 540-9000.


Sincerely,


Kevin M. Smith
Senior Forensic Examiner
Atlantic Data Forensics (Colorado Office)
(410) 805-3541