EDP:WPC/NDB
F. #2020R00093

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\*   JANUARY 31, 2025   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

ASHRAF OMAR ELDARIR,
   also known as "Omar Eldarir,"

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 20-CR-243 (S-2) (RPK)
(T. 18, U.S.C., §§ 545, 982(a)(2)(B),
982(b)(1), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Smuggling)

1.    On or about April 18, 2019, within the Eastern District of New York and elsewhere, the defendant ASHRAF OMAR ELDARIR, also known as "Omar Eldarir," did knowingly, intentionally and fraudulently import and bring into the United States merchandise contrary to law, to wit: one ancient Egyptian polychrome relief, by entering and introducing, and attempting to enter and introduce, into the commerce of the United States any imported merchandise by means of any fraudulent and false invoice, declaration, affidavit, letter, paper, and by means of any false statement, written or verbal, and by means of any false and fraudulent practice and appliance, and making any false statement in any declaration without reasonable cause to believe the truth of such statement, and procuring the making of any such false statement as to any matter material thereto without reasonable

cause to believe the truth of such statement, whether or not the United States shall and may be deprived of any lawful duties, in violation of Title 18, United States Code, Section 542.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT TWO
(Smuggling)

2.      On or about July 11, 2019, within the Eastern District of New York and elsewhere, the defendant ASHRAF OMAR ELDARIR, also known as "Omar Eldarir," did knowingly, intentionally and fraudulently import and bring into the United States merchandise contrary to law, to wit: one ancient Egypto-Roman limestone stele, by entering and introducing, and attempting to enter and introduce, into the commerce of the United States any imported merchandise by means of any fraudulent and false invoice, declaration, affidavit, letter, paper, and by means of any false statement, written or verbal, and by means of any false and fraudulent practice and appliance, and making any false statement in any declaration without reasonable cause to believe the truth of such statement, and procuring the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall and may be deprived of any lawful duties, in violation of Title 18, United States Code, Section 542.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT THREE
(Smuggling)

3.      On or about November 5, 2019, within the Eastern District of New York and elsewhere, the defendant ASHRAF OMAR ELDARIR, also known as "Omar Eldarir," did knowingly, intentionally and fraudulently import and bring into the United States merchandise contrary to law, to wit: one ancient Egyptian limestone Roman head of a

man, by entering and introducing, and attempting to enter and introduce, into the commerce of the United States any imported merchandise by means of any fraudulent and false invoice, declaration, affidavit, letter, paper, and by means of any false statement, written or verbal, and by means of any false and fraudulent practice and appliance, and making any false statement in any declaration without reasonable cause to believe the truth of such statement, and procuring the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall and may be deprived of any lawful duties, in violation of Title 18, United States Code, Section 542.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT FOUR
(Smuggling)

4. On or about January 22, 2020, within the Eastern District of New York and elsewhere, the defendant ASHRAF OMAR ELDARIR, also known as "Omar Eldarir," did knowingly, intentionally and fraudulently import and bring into the United States merchandise contrary to law, to wit: approximately 590 Egyptian artifacts and pieces thereof, by entering and introducing, and attempting to enter and introduce, into the commerce of the United States any imported merchandise by means of any fraudulent and false invoice, declaration, affidavit, letter, paper, and by means of any false statement, written or verbal, and by means of any false and fraudulent practice and appliance, and making any false statement in any declaration without reasonable cause to believe the truth of such statement, and procuring the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United

States shall and may be deprived of any lawful duties, in violation of Title 18, United States Code, Section 542.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

5.  The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting, or derived from proceeds the person obtained directly or indirectly, as the result of such offenses; and (b) Title 18, United States Code, Section 545, which requires any person convicted of such offenses to forfeit any merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof, including but not limited to the following property seized on or about January 31, 2020, at John F. Kennedy International Airport:

(a) forty-one (41) ancient Egyptian gold artifacts;

(b) nineteen (19) ancient coins;

(c) two (2) Greco-Roman rings;

(d) thirty-one (31) ancient Egyptian talismans (Ptolemaic period);

(e) fourteen (14) ancient beads;

(f) twenty-six (26) ancient Egyptian wooden figures;

(g) four hundred (400) ancient Egyptian faience shabtis;

(h) three (3) ancient Egyptian wooden panels with painted figures;

(i) one (1) ancient Egyptian large stone face;

    (j)    two (2) Egyptian wooden masks;

    (k)    two (2) Egyptian stone panels with hieroglyphics;

    (l)    three (3) ancient Egyptian canopic jar lids;

    (m)    two (2) ancient Greco-Roman stela;

    (n)    one (1) ancient Greco-Roman terracotta headless torso with robes;

    (o)    seven (7) ancient Greco-Roman terracotta statues;

    (p)    three (3) ancient Egyptian large terracotta vases;

    (q)    two (2) Egyptian small terracotta vases;

    (r)    two (2) Egyptian alabaster artifacts;

    (s)    two (2) ancient Egyptian Osiris headpieces/crowns;

    (t)    twenty-six (26) ancient Greco-Roman oil lamps; and

    (u)    one (1) Greco-Roman terracotta pilgrim's flask.

6.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 545, 982(a)(2)(B) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
By Carolyn Pokorny, Assistant U.S. Attorney
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK